**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome Major Carter, | No. CV-25-02754-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Travel Reduction Program, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Jerome Carter's Application for Leave to Proceed In Forma Pauperis ("IFP"), (Doc. 2.), and Motion to Allow Electronic Filing, (Doc. 3). For the reasons stated below, Carter's application to proceed IFP and motion to allow electronic filing will be **granted**, and Carter's Complaint, (Doc. 1), will be **dismissed** with leave to amend.

**I.    IFP APPLICATION**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Having reviewed the application to proceed IFP, (Doc. 2), the Court finds Carter cannot pay the court costs and still afford necessities. Thus, the motion to proceed IFP will be granted.

**II.     SCREENING THE COMPLAINT**

Because Carter is proceeding IFP in this case, the Court must screen his Complaint.

**A.     Legal Standard**

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at *2 (S.D. Cal. 2023).

**B.     Carter's Complaint**

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quotation marks omitted). To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). This requires "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

Carter alleges that Defendants Maricopa County Travel Reduction Program ("TRP"), Valley Metro Regional Public Transportation Authority, and Michael Wawro (collectively, "Defendants") violated various federal laws, including Titles VI and VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Age Discrimination in Employment Act ("ADEA"). (Doc. 1 at 1.) However, it is unclear from the Complaint how Defendants violated these laws, or what factual circumstances gave rise to Carter's claims.

Although Carter states that Defendants "failed to hire [him]; fail[ed] to accommodate [his] disability;" retaliated against and harassed him, denied "digital access," and engaged in "procedural neglect" and "systemic discrimination against a homeless workforce," the Complaint contains no factual allegations supporting these conclusory statements. (*See id.* at 1–9.) Indeed, the only facts alleged in the Complaint involve Defendants' refusal to recognize "The Anti-Homeless Labour Union Phoenix USA$^{TM}$" (the "Anti-Homeless Union") as a "federally protected, actively participating entity within multiple [Travel Reduction Program] associated entities." (*See id.* at 1–3.) Carter's chief concern seems to be that Defendants declined to levy civil penalties against the Anti-Homeless Union. (*See id.* at 4 (alleging that a statement made by the "TRP Supervisor" "asserting that [TRP's] records indicate that The Anti-Homeless-Labour-Union . . . is not part of [TRP] and, therefore, is not out of compliance or accruing penalties" "fundamentally mischaracterizes the standing, submissions, and equity based engagement of The Anti-Homeless Labour Union").)

  Carter's factual allegations present two primary issues.  First, the Complaint fails to connect the factual allegations to the federal law Carter alleges Defendants violated.  *Edwards v. Prestige Fin.*, 2023 WL 3738442, at *3 & n.4 (D. Ariz. 2023) (reasoning that plaintiffs' failure to "connect their allegations to the [federal] statutes" under which their claims allegedly arose, warranted dismissal).  That Defendants did not recognize the Anti-Homeless Union as a participating organization bears no discernable relationship to Carter's contention that Defendants did not hire him, denied him reasonable accommodations, and discriminated against him because of his age, disability, or other protected ground, absent further information connecting the events.  Carter offers no "factual enhancement" to support his assertions that Defendants violated the federal statutes he invokes.  *Iqbal*, 556 U.S. at 678.  The allegations in the Complaint thus amount to "naked assertions" that Defendants unlawfully harmed Carter.  *Id.*

  Second, to the extent Carter seeks relief from harms suffered by the Anti-Homeless Union, the case must be dismissed.  The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties.  *Simon v. Hartford Live Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  As a pro se plaintiff, Carter cannot bring a suit on behalf of the Anti-Homeless Union.  *See id.*; *cf. Tretiak v. Del Papa*, 23 F. App'x 676, 677 (9th Cir. 2001) (mem. decision) (per curiam) (holding that pro se plaintiff "cannot maintain a claim on behalf of a corporation, nor may he represent . . . corporations as a pro se plaintiff").  Because Carter "has not provided the Court with any basis upon which to assess [his] claim," *Dowling v. Unknown Party*, 2024 WL 3595619, at *2 (D. Ariz. 2024), the Complaint will be dismissed.

**III. LEAVE TO AMEND**

  Unless the Court determines that a pleading cannot be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 1992) (en banc).  A finding that any amendment would be futile justifies dismissal without leave to amend.  *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).  Here, the Court cannot conclude that

amendment would be futile. Carter could allege facts that would state a claim for relief and establish that he has standing to sue. Accordingly, Carter will be granted the opportunity to amend.

Carter must note that an amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, after amendment, the original complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original complaint is waived if it is not alleged in an amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). And any Defendant not renamed in the amended complaint will remain dismissed from this case. *See id.*

### IV.    MOTION TO ALLOW ELECTRONIC FILING

The Court has reviewed Carter's request to allow electronic filing and will grant the motion subject to the conditions below.

Accordingly,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** granting Carter's motion to allow electronic filing by a party appearing without an attorney (Doc. 3) in this case only. Carter is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the Court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Court Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

<u>Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.</u>

1 **IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is dismissed with leave to amend.  Carter has 30 days from the date of this Order to file an amended complaint. Consistent with LRCiv 15.1, Carter shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.

**IT IS FURTHER ORDERED** that if Carter files an amended complaint, the Clerk of Court shall not issue a summons until the Court screens the amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that if Carter does not file an amended complaint within 30 days of this Order, the Clerk of Court shall dismiss this action without further Order from the Court.

Dated this 24th day of October.

_____
Honorable Sharad H. Desai
United States District Judge